UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANK NALI,

    Plaintiff,

v.

OAKLAND COUNTY FRIEND OF COURT,
ET AL.,

    Defendants.
    _____/

Case No. 10-14844

Honorable Nancy G. Edmunds

**ORDER OF DISMISSAL**

Plaintiff filed a *pro se* complaint on December 6, 2010, against Oakland County, Oakland County Friend of Court, an Oakland County Friend of the Court Referee, and an Oakland County Circuit Court Judge. Plaintiff's complaint alleges state-law claims of negligence and violation of Mich. Comp. Laws § 15.234, and a claim under 42 U.S.C. § 1983 – a federal statute. Plaintiff's § 1983 claim arises out of an August 17, 2010 child support order issued in a state-court proceeding by Oakland County Circuit Court Judge Joan Young requiring that $163.00 per month for child support arrears be withheld from Plaintiff's income. Specifically, Plaintiff alleges that his Fifth and Fourteenth Amendment rights were violated because Judge Young reactivated his case without first conducting a hearing and by ordering that money be withheld from his social security benefits. Plaintiff seeks money damages in excess of $100,000.00.

Because Plaintiff's suit is essentially an appeal from a state-court order, his Complaint is DISMISSED. "The federal district courts do not hear appeals from state courts." *Givens*

*v. Homecomings Financial*, No. 07-2359, 2008 WL 2121008, *1 (6th Cir. May 20, 2008). Pursuant to the *Rooker-Feldman* doctrine, "lower federal courts lack subject matter jurisdiction to review the decisions of state courts." *Id.* at *1 (citing *D.C. Ct. of App. v. Feldman*, 460 U.S. 426, 476 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 416 (1923)). Although "the application of *Rooker-Feldman* is confined to 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments,'" Plaintiff's lawsuit "fits squarely within this narrow range of cases over which jurisdiction does not exist." *Id.* at **1-2 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). "Because the point of this suit is to obtain a federal reversal of a state court decision, dismissal on the grounds of *Rooker-Feldman* [is] appropriate." *Id.* at *2.

Plaintiff's complaint is also subject to dismissal under the *Younger* abstention doctrine. The Sixth Circuit Court of Appeals has considered application of this doctrine in the context of a child support obligor's challenge to a state-court order requiring payment for delinquent child support payments. *See Tindall v. Wayne County Friend of the Court*, 269 F.3d 533 (6th Cir. 2005). In *Tindall,* the plaintiff alleged, among other things, that the Wayne County Friend of the Court's "failure to follow established policies for conducting referee and judicial hearings violated his right to due process." *Id.* at 535. The *Tindall* court examined the *Younger* abstention doctrine and held that it applied in this context. The same reasoning and result apply here.

"A district court's decision to abstain from adjudicating a claim pursuant to the *Younger* doctrine is a question of law" for the Court to decide. *Id.* at 538. "The *Younger*

abstention doctrine counsels a federal court to abstain from adjudicating a matter properly before it in deference to ongoing state criminal proceedings." *Id.* (citing *Younger v. Harris*, 401 U.S. 37, 37-38 (1971)). This abstention doctrine has been extended by the courts to civil and administrative proceedings. *Id.* (citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

When determining whether to apply the *Younger* abstention doctrine, the district court considers:

> (1) whether the underlying proceedings constitute an ongoing state judicial proceeding; (2) whether the proceedings implicate important state interests; and (3) whether there is an adequate opportunity in the state proceedings to raise a constitutional challenge.

*Id.* (internal footnote omitted). "Where a review of these considerations suggests that the state court should properly adjudicate the matter, a federal court should abstain and order the federal complaint dismissed." *Id.*

Here, (1) the underlying proceedings constitute an ongoing state judicial proceeding; (2) the proceedings implicate important state interests concerning child support payments; and (3) there is an adequate opportunity in state court to raise a constitutional challenge. Accordingly, the *Younger* doctrine applies and this Court abstains and dismisses Plaintiff's complaint.

For the above-stated reasons, Plaintiff's complaint is hereby DISMISSED WITH PREJUDICE.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: December 9, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 9, 2010, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager